IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| PAUL ANTHONY MCDANIEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 118-092 |
| ) | |
| RICHARD ROUNDTREE, Sheriff, ) | |
| ) | |
| Respondent. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a pre-trial detainee at the Charles B. Webster Detention Center in Augusta, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 2), and this case be **DISMISSED** without prejudice and **CLOSED**.

I.   BACKGROUND

According to the petition and publicly available records, Petitioner was charged by indictment dated May 2, 2017, with aggravated assault. State v. McDaniel, Case No. 2017RCCR00586 (Richmond Cty. Sup. Ct. May 2, 2017), *available at* http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search "McDaniel, Paul" last visited May 23, 2018).[1] Attorney Jeremy Babb represents Petitioner in his state court

---

[1] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining a court may take judicial notice of aother court's record to establish existence of ongoing litigation and

proceedings. Id. The Superior Court issued an order for a mental evaluation regarding criminal responsibility or sanity at the time of the offense on October 3, 2017, and an order for mental evaluation regarding competency to stand trial on January 1, 2018. Id. The docket does not reflect final resolution of these competency issues. In addition, Mr. Babb filed on behalf of Petitioner a "Motion to Quash Indictment/Motion to Require Transcript of Grand Jury Proceedings/Motion to Require Proof that Indictment Was Returned In Open Court." (Doc. no. 1, Ex. H.) The matter has not been set for trial, although Petitioner's exhibits reflect multiple status conferences, one as recently as May 7, 2018. (Id., Exs. E, G.)

In his federal petition dated May 18, 2018, and filed May 23, 2018, Petitioner raises multiple claims regarding the grand jury proceedings that resulted in his indictment, as well as a claim for ineffective assistance of trial counsel based on the failure to raise a challenge to the manner in which Petitioner was indicted and the resultant "bad faith prosecution." (Doc. no. 1, pp. 6-7; doc. no. 3.)

## II. DISCUSSION

### A. Exhaustion

The petition should be dismissed because Petitioner has not exhausted state court remedies. Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to

---

related filings); see also United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.")

2

protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citation omitted). Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." Id. (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current claims in his state court proceeding. Indeed, Petitioner has provided a copy of the motion filed on his behalf raising issues regarding the grand jury proceedings that led to his indictment. (Doc. no. 1, Ex. H.) Moreover, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning the validity of his indictment and ineffective assistance of counsel. See Henderson v. Hames, 697 S.E.2d 798, 801-03 (Ga. 2010); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions). To the extent Petitioner claims he has been unable to obtain the proper forms for filing such a challenge, the Court is unable to discern where the confusion lies. As evidenced by the attached blank habeas corpus form, the necessary paperwork for filing a state application for habeas corpus relief is readily available to the public. (See Attach.)

Therefore, the Court concludes Petitioner has not satisfied the exhaustion requirement.

### B. <u>Younger</u> Abstention

The petition is also due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution. The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." <u>New Orleans Pub. Serv., Inc. v. Council of New Orleans</u>, 491 U.S. 350, 364 (1989) (citing <u>Younger v. Harris</u>, 401 U.S. 37 (1971)). There are three exceptions to this rule that warrant federal court intervention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." <u>Turner</u>, 2012 WL 2003835, at *2 (citing <u>Younger</u>, 401 U.S. at 45).

None of the three exceptions to the <u>Younger</u> doctrine apply to Petitioner's case. Although Petitioner claims he is the victim of a bad faith prosecution, he fails to make "substantial allegations" with evidentiary support that his state prosecution is motivated by bad faith. <u>See</u> <u>Younger</u>, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial" and explaining bad faith prosecutions are brought without an intention of obtaining a conviction or for harassment). Nor has Petitioner made any viable allegation of irreparable injury. <u>See id.</u> at 53-54 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or other unusual circumstances require equitable relief). Finally, Petitioner's ongoing state prosecution provides an adequate state forum where any constitutional issues can be raised. Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

4

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 2), and that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of May, 2018, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA